IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JOEY CHESTER FULMER, | ) | Civil Action No.: 8:10-1854-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| TRANTECH RADIATOR | ) | |
| PRODUCTS, INC.; PAUL COOPER, | ) | |
| CEO; DIEDRE HICKS, HUMAN | ) | |
| RESOURCES MANAGER; BOBBY | ) | |
| EASLER, PLANT MANAGER; | ) | |
| RAYMOND GRIFFIN, SUPERVISOR; | ) | |
| and CARL HOUSTON, | ) | |
| SUPERVISOR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants Paul Cooper, Diedre Hicks, Bobby Easler, Raymond Griffin and Carl Houston (hereinafter the "Individual Defendants") for failure to state a claim upon which relief can be granted. [Doc. 20]. Plaintiff, who is proceeding *pro se*, alleges that Defendants never acknowledged his request for light duty and that Defendants later terminated Plaintiff's employment. [Doc. 1].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff's Complaint in this matter [Doc. 1] alleges, in summary, that during 2008,

his doctor recommended that he be placed on "lite duty." Plaintiff further asserts that Defendants failed to comply with his "lite duty" request and that, through threats and intimidations, the plant manager forced Plaintiff to continue non-"lite duty" work. According to Plaintiff, he was told he was fired and offered a severance package on March 16, 2009.

In response to Plaintiff's allegations, the Defendant Trantech Radiator Products, Inc., answered, denying the allegations. [Doc. 19.] The Individual Defendants moved to dismiss, claiming that Plaintiff has asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12111, and that the ADA subjects only employers to liability, not employees involved in management decisions.[1]  [Doc 20].

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a

---

[1] Although Plaintiff's Complaint does not specifically reference the ADA, Defendants allege that this case was brought pursuant to an EEOC Notice of Suit Rights in an ADA charge. The Plaintiff does not dispute this contention, and the Court agrees that Plaintiff's Complaint asserts ADA claims.

court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## DISCUSSION

Although the Fourth Circuit has not expressly ruled on whether supervisors are liable in their individual capacities for ADA violations, the Fourth Circuit, in *Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999), held that an ADA retaliation claim could not go forward against individual defendants "[b]ecause Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions." *Id.* at 472. Additionally, district courts in the Fourth Circuit have found that individuals are not liable for violations of the ADA. *See Shiflett v. GE Fanuc Automation Corp.*, No. 95-0073-C, 1996 WL 481082, at *5 (W.D. Va. July 23, 1996) (holding that only employers, not individuals, can be liable under the ADA and dismissing plaintiff's claims under the ADA against individual defendants); *Cortes v. McDonald's Corp.*, 955 F.Supp. 531, 536-38 (E.D.N.C.1996) (finding that an individual in a supervisory position may not be held personally liable as an "employer" under the ADA and dismissing plaintiff's ADA claim against an individual defendant); *Stephens v. Kay*

*Mgmt. Co.,* 907 F.Supp. 169, 174 (E.D. Va.1995) (noting that the ADA defines employer to mean an employing entity, not an individual and holding that "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA in the making of employment decisions of a plainly delegable character"). Thus, even taking the allegations of Plaintiff's Complaint as true and drawing all reasonable factual inferences from those allegations in Plaintiff's favor, Plaintiff is not entitled to relief from the Individual Defendants. Accordingly, the Individual Defendants should be dismissed from the action.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss be GRANTED as to the Individual Defendants.

IT IS SO RECOMMENDED.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

February 15, 2011
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).