IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joey Chester Fulmer, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:10-cv-01854-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| TranTech Radiator Products, Inc., Paul Cooper, CEO, Deirdre E. Hicks, Human Resources Manager, Bobby Easler, Plant Manager, Raymond Griffin, Supervisor, Carl Houston, Supervisor, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. 85], filed on December 20, 2012, recommending that Defendant's Motion for Summary Judgment [Doc. 57] be granted and Plaintiff's action for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, be dismissed with prejudice.[1]  The Report and

---

[1] Under the ADA, a covered employer is prohibited from discriminating against "a qualified individual on the basis of disability in regard to . . . hiring, advancement, or discharge." 42 U.S.C. § 12112(a).  In order to establish disability under the ADA in the context of the ability to work, Fulmer must show a disability "significantly restricted . . . the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *See* 29 C.F.R. § 1630.2(j)(3) (2010) (current version at 29 C.F.R. § 1630.2 (2011)).  In recommending that the court grant Defendant's Motion for Summary Judgment, the Magistrate Judge's Report and Recommendation does not address Defendant's argument that Fulmer cannot show that he is a qualified individual with a disability as required to assert a claim under the ADA.  Rather, the Magistrate Judge assumes, without deciding, that Fulmer has established a prima facie case of discrimination under the ADA.  The Magistrate Judge's recommendation relies on the finding that Fulmer failed to produce sufficient evidence of discrimination and failed to demonstrate that Defendant's articulated reason for terminating Fulmer's employment was merely pretext.

Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**Standard of Review**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**Discussion**

Plaintiff Joey Chester Fulmer ("Fulmer") maintains this action against Defendant TranTech Radiator, Inc.[2] for an alleged violation of the Americans with Disabilities Act. Fulmer alleges that he experienced significant pain in his lower back in 2007 and took a leave of absence from his employment with Defendant for a short period of time. Fulmer alleges that he was diagnosed with degenerative disc disease, and his physician advised that he could return to work on light duty. Fulmer further alleges that he informed his supervisor, Bobby Easler ("Easler"), the plant manager, of his medical condition, and that Easler threatened to terminate Fulmer's employment if he brought

---

[2] The only Defendant remaining in this action is TranTech Radiator, Inc. All other Defendants have been dismissed.

a medical excuse to work requiring him to perform light duty. Fulmer returned to full duty employment. Thereafter, Fulmer worked for over a year without receiving any medical treatment, which he claims was because of his fear of Easler's threat to terminate his employment. Fulmer later sought medical treatment in January of 2009 and took time off of work for a period of time. Upon Fulmer's return to work in March of 2009, he was terminated from his employment with Defendant. Defendant contends that the termination of Fulmer's employment was part of a planned reduction in force.

Fulmer timely filed objections to the Magistrate Judge's Report and Recommendation [Doc. 88]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections to the Report and Recommendation merely restate the arguments and information presented in his Complaint [Doc. 1], response in opposition to Defendant's Motion to Dismiss [Doc. 34], and response in opposition to Defendant's Motion for Summary Judgment [Doc. 77]. First, Fulmer objects that the Magistrate Judge erred in determining that his supervisors were not aware of the medical condition with his back. Second, Fulmer restates his argument that Easler informed Fulmer that he would be

terminated if he brought in a note requiring him to work light duty.[3]  Third, Fulmer claims that a co-worker, William Brown, who was employed with Defendant for fewer months than Fulmer at the time of the termination of Fulmer's employment, had "below subnormal standards," had not been trained on any new robotic equipment, was allowed to work light duty, and was not terminated in the company's reduction in force.

Each of Fulmer's objections were adequately addressed in the Magistrate Judge's Report and Recommendation.  As to Fulmer's first objection, while Fulmer contends that his supervisors were aware of his medical condition beginning in 2007, he does not present any documents from his physician(s) to the court that indicate he was to be on light duty status during the period of time after his diagnosis of degenerative disc disease.  Further, Fulmer does not present any documents that would indicate that at the time of Fulmer's termination from employment, Defendant was aware that Fulmer's medical limitations had persisted beyond the period of time that he was out of work in 2007.  As to the second objection, even lending credibility to Fulmer's assertion that Easler told him he would be terminated if he presented his employer with a light duty work slip, Fulmer has not established how such a comment indicates motivation for his termination from employment over a year later.  Furthermore, Fulmer has not overcome Defendant's articulated legitimate, nondiscriminatory reason to terminate his employment.  As to Fulmer's claim that another alleged similarly-situated co-worker should have been terminated in Defendant's reduction in force instead of him, aside from his conclusory assertions, Fulmer has presented no evidence to support such a claim.

---

[3] Fulmer claims that he has a witness available to testify about this conversation.  However, discovery in this matter has closed and such information shall not be considered.

Therefore, after extensive review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

## Conclusion

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 57] is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 22, 2011
Greenville, South Carolina